IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **FLYGRIP, INC.** | § |
| *Plaintiff*, | § |
| v. | § Civil Action No. 6:21-cv-1081 |
| **AMAZON.COM, INC.,** | § JURY DEMANDED |
| *Defendant*. | § |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Flygrip, Inc. ("Flygrip" or "Plaintiff") files this Complaint for patent infringement against Amazon.com, Inc. ("Amazon" or "Defendant").

**THE PARTIES**

1. Plaintiff Flygrip is a corporation organized and existing under the laws of the State of New York with a place of business in Farmingdale, New York.

2. On information and belief, Amazon is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 410 Terry Avenue North, Seattle, Washington 98109. Amazon may be served with process at least via its listed registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808

**JURISDICTION AND VENUE**

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§1331 and 1338(a).

4. This Court has personal jurisdiction over Amazon because, directly or through intermediaries, Amazon has committed acts within the Western District of Texas giving rise to this

action and/or has established minimum contacts with the Western District of Texas such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

5.  This Court has specific personal jurisdiction over Amazon at least in part because Flygrip's causes of action arise, at least in part, from Amazon's contacts with and activities in the State of Texas and this Judicial District. Upon information and belief, the Amazon has committed acts of infringement within the State of Texas and this Judicial District by, *inter alia*, directly and/or indirectly making, using, selling, offering to sell, or importing products that infringe one or more claims of Flygrip's patents described below. On information and belief, Amazon also has derived substantial revenues from infringing acts in this Judicial District, including from the sale and use of infringing products including, but not limited to, the products accused of infringement below.

6.  Additionally, on information and belief, Amazon is receiving millions of dollars in tax breaks from McLennan County and the city of Waco for a fulfillment center currently being built in Waco for the purpose of doing and soliciting business in this District. (*See, e.g.,* https://wacotrib.com/news/local/amazon-gets-9-5m-from-waco-county-intax-breaks-over-20-years/article_730bc48e-7094-11eb-bcd1-eb93141c16b0.html) (accessed October 4, 2021).

7.  Venue is proper in this District under 28 U.S.C. § 1400(b). Upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the asserted patents. Defendant has a regular and established place of business in the District, including offices at 11501 Alterra Parkway, Austin, Texas, and a fulfillment center at 2093-2209 Rutland Drive, Austin, Texas 78758. Further, Amazon's website lists over 300 jobs available in the Austin area.[1]

---

[1] *See, e.g.,* https://www.bizjournals.com/austin/news/2017/08/01/amazon-quietly-grows-austincorporate-office-as-it.html; https://www.statesman.com/news/20190328/amazon-plans-

8.   In addition, Amazon has placed or contributed to placing infringing products into the stream of commerce via an established distribution channel knowing or understanding that such products would be sold and used in the United States, including in the Western District of Texas.

## FACTUAL BACKGROUND

9.   Flygrip was founded in 2011 by Michael Karmatz, an inventor who developed a novel grip for smartphones or other handheld devices.

10.   Touchscreen smartphones became popular in 2007. At the time, Blackberry and Palm had phones with physical keyboards on the front. A keyboard on the front allowed the hand and thumb to hold the phone securely, because the user's thumb could rest on the keyboard. Once the full touchscreen phones came onto the market, users could not allow their thumb to rest on the front of the screen, because doing so would cause unintentional clicks on the screen. Users were forced to hold only the sides of the phone, and then use the other hand's fingers to operate the touchscreen front.  This was not a very productive way to use a phone.  One of Mr. Karmatz's goals was to enable users to use touchscreen phones with just one hand.  He sought a way to allow users to grip their phone securely using their non-thumb fingers from the back, so as to allow their thumb to have the freedom to operate the front of the screen.  Mr. Karmatz developed designs that were sufficiently thin so as to enable users to fit their phone in their pocket with the grip attached.  However, the same grip could be quickly expanded when needed to allow for effective gripping, and could be quickly and easily collapsed when not needed.

11.   Mr. Karmatz founded Flygrip to develop and commercialize his ideas.

12.    Flygrip is an inventor-controlled entity.

---

austinexpansion-that-will-add-800-jobs?template=ampart; https://www.kxan.com/news/local/austin/amazon-opens-new-corporate-office-inaustin_20180316004215559/1049346915; https://www.amazon.jobs/en/locations/austin.

13. Flygrip is a practicing entity that has commercialized its intellectual property through the development and sale of products. For example, Flygrip sells products at its website found at https://shop.flygrip.com/.

## EXEMPLARY PRODUCTS

14. Examples of products accused of infringement (the "Exemplary Products") below include:

- The Popsockets LLC line of PopGrip (and related) products
- The Quest USA Corp. line of SpinPop products
- The OtterBox Otter+PopSocket line of handheld device cases
- The Nite Ize, Inc. line of FlipOut handheld device grips

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 10,800,024

15. Flygrip incorporates by reference the paragraphs above as if fully set forth herein.

16. On October 13, 2020, United States Patent No. 10,800,024 (the '024 Patent") entitled "Compacting Grip for Handheld Devices" was duly and legally issued after full and fair examination. Flygrip is the owner of all right, title, and interest in and to the patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. A true copy of the '024 Patent is attached as Exhibit 1.

17. The '024 Patent is valid and enforceable.

18. Amazon has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including at least claim 2 of the '024 Patent in violation of 35 U.S.C. § 271(a) because Amazon makes, uses, offers for sale, sells, and/or imports certain products, including within this District, at least the OtterBox Otter+PopSocket line of

handheld device cases (the "Otterbox Products"). The Otterbox Products satisfy all claim limitations of one or more of the claims of the '024 Patent, including at least claim 2.

19. Exemplary charts comparing the asserted claims of the '024 Patent to exemplars of the Otterbox Products are attached as Exhibit 3.[2]

20. Amazon has received notice and actual or constructive knowledge of the '024 Patent and the infringing nature of the Exemplary Products since at least the date of service of this Complaint.

21. Amazon had knowledge of the '024 Patent and of other Flygrip patents since, at least, on or about March 25, 2021 when Amazon received a letter disclosing the '024 Patent and other related Flygrip patents.

22. Amazon had knowledge of the '024 Patent and of other Flygrip patents since, at least, October 15, 2021 when Amazon received Flygrip's letter disclosing the '024 Patent and other related Flygrip patents, and identifying the infringing nature of the Exemplary Products in connection with Flygrip's patents, specifically including the identification of claim 2 of the '024 Patent.

23. Since at least the date of service of this Complaint, through its actions, Amazon has indirectly infringed and continues to indirectly infringe at least claim 2 of the '024 Patent in violation of 35 U.S.C. § 271(b) as to at least the Popsockets LLC line of PopGrip (and related) products (the "Popsockets Products") and the Quest USA Corp. line of SpinPop products (the "Quest Products"). Amazon has actively induced product makers, distributors, retailers, and/or end users of the Popsockets Products and the Quest Products to directly infringe the '024 Patent throughout the United States, including within this Judicial District, by, among other things,

---

[2] The attached charts are illustrative and provided for purposes of satisfying Flygrip's pleading obligations and should not be construed as limiting. Flygrip will serve infringement contentions in this case in accordance with the Local Rules, the Court's orders, and/or the schedule entered by the Court.

advertising and promoting the use of the Popsockets Products and the Quest Products in various websites, including providing and disseminating product descriptions, product packaging, enclosed product instructions, and other instructions on how to configure and/or use the Popsockets Products and the Quest Products. Amazon does so knowing and intending that its customers and end users will commit these infringing acts, including infringement of claim 2 of the '024 Patent. Amazon also continues to make, use, offer for sale, sell, and/or import the Popsockets Products and the Quest Products, despite its knowledge of the '024 Patent, thereby specifically intending for and inducing its customers to infringe the '024 Patent through the customers' normal and customary use of the Popsockets Products and the Quest Products.

24.     In addition, Amazon has indirectly infringed and continues to indirectly infringe the '024 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Popsockets Products and the Quest Products with knowledge that they are especially designed or adapted to operate in a manner that infringes that patent and despite the fact that the infringing aspects of the products are not a staple article of commerce suitable for substantial non-infringing use. In addition, the Popsockets Products and the Quest Products include instructions, both on the product packaging and on the Internet, wherein such instructions are especially made or especially adapted for use in an infringement, are not a staple article or commodity of commerce, and are not suitable for substantial noninfringing use. Amazon is aware that the Popsockets Products and the Quest Products enable end-users to configure and/or use the product to infringe the '024 Patent, including at least claim 2. In particular, the product descriptions, product packaging, enclosed product instructions, and other instructions for the Popsockets Products and the Quest Products teach that the products are especially made or especially adapted for use in an infringement of the '024 Patent. Amazon continues to sell and offer to sell these products in the United States after receiving notice of the '024 Patent and how

the products' use and/or configuration infringe that patent. In addition, the infringing aspects of the Popsockets Products and the Quest Products can be used only in a manner that infringes the '024 Patent and thus have no substantial non-infringing uses.

25. Exemplary charts comparing the asserted claims of the '024 Patent to exemplars of the Popsockets Products are attached as Exhibit 4. Exemplary charts comparing the asserted claims of the '024 Patent to exemplars of the Quest Products are attached as Exhibit 5.

26. Flygrip has suffered damages as a result of Amazon's direct and indirect infringement of the '024 Patent in an amount adequate to compensate for Amazon's infringement, but in no event less than a reasonable royalty for the use made of the invention by Amazon, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,844,098

27. Flygrip incorporates by reference the paragraphs above as if fully set forth herein.

28. On September 30, 2014, United States Patent No. 8,844,098 (the '098 Patent") entitled "Apparatus for Gripping Handheld Devices" was duly and legally issued after full and fair examination. Flygrip is the owner of all right, title, and interest in and to the patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. A true copy of the '098 Patent is attached as Exhibit 2.

29. The '098 Patent is valid and enforceable.

30. Amazon has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including at least claim 1 of the '098 Patent in violation of 35 U.S.C. § 271(a) because Amazon makes, uses, offers for sale, sells, and/or imports certain products, including within this District, at least the Nite Ize, Inc. line of FlipOut handheld

device grips (the "Nite Ize Products"). The Nite Ize Products satisfy all claim limitations of one or more of the claims of the '098 Patent, including at least claim 1.

31. Since at least the date of service of this Complaint, through its actions, Amazon has indirectly infringed and continues to indirectly infringe at least claim 1 of the '098 Patent in violation of 35 U.S.C. § 271(b) as to at least the Nite Ize Products. Amazon has actively induced product makers, third-party sellers, distributors, retailers, and/or end users of the Nite Ize Products to directly infringe the '098 Patent throughout the United States, including within this Judicial District, by, among other things, advertising and promoting the sale and/or use of the Nite Ize Products in various websites, including providing and disseminating product descriptions, product packaging, enclosed product instructions, and other instructions on how to configure and/or use the Nite Ize Products. Amazon does so knowing and intending that its customers and end users will commit these infringing acts, including infringement of claim 1 of the '098 Patent. Amazon also continues to make, use, offer for sale, sell, and/or import the Nite Ize Products, despite its knowledge of the '098 Patent, thereby specifically intending for and inducing its customers to infringe the '098 Patent through the customers' normal and customary use of the Nite Ize Products.

32. Exemplary charts comparing the asserted claims of the '098 Patent to exemplars of the Nite Ize Products are attached as Exhibit 6.

33. Amazon has received notice and actual or constructive knowledge of the '098 Patent and the infringing nature of the Exemplary Products since at least the date of service of this Complaint.

34. Amazon had knowledge of the '098 Patent and of other Flygrip patents since, at least, on or about March 25, 2021 when Amazon received a letter disclosing the '098 Patent and other related Flygrip patents.

35. Amazon had knowledge of the '098 Patent and of other Flygrip's patents since, at least, October 15, 2021 when Amazon received Flygrip's letter disclosing the '098 Patent and other

Flygrip patents, and identifying the infringing nature of the Exemplary Products in connection with Flygrip's patents, specifically including the identification of claim 1 of the '098 Patent.

36.     Flygrip has suffered damages as a result of Amazon's direct and indirect infringement of the '098 Patent in an amount adequate to compensate for Amazon's infringement, but in no event less than a reasonable royalty for the use made of the invention by Amazon, together with interest and costs as fixed by the Court.

## KNOWLEDGE, WILLFULNESS, AND MARKING

37.     Flygrip incorporates by reference the paragraphs above as if fully set forth herein.

38.     The patents identified above are known as the Asserted Patents.

39.     To the extent any marking or notice was required by 35 U.S.C. § 287, Flygrip has complied with the applicable marking and/or notice requirements of 35 U.S.C. § 287.

40.     Amazon's infringement has been and continues to be willful and deliberate. Upon information and belief, Amazon deliberately infringed the Asserted Patents and acted recklessly and in disregard to the Asserted Patents by making, having made, using, importing, and offering for sale products that infringe the Asserted Patents. Upon information and belief, the risks of infringement were known to Amazon and/or were so obvious under the circumstances that the infringement risks should have been known. Upon information and belief, Amazon has no reasonable non-infringement theories. Upon information and belief, Amazon has not attempted any design/sourcing change to avoid infringement. Amazon has acted despite an objectively high likelihood that its actions constituted infringement of the Asserted Patents. In addition, this objectively-defined risk was known or should have been known to Amazon. Upon information and belief, Amazon has willfully infringed and/or continues to willfully infringe the Asserted Patents. Amazon's actions of being made aware of its infringement, not developing any non-

infringement theories, not attempting any design/sourcing change, and not ceasing its infringement constitute egregious behavior beyond typical infringement.

## DEMAND FOR JURY TRIAL

Flygrip hereby demands a jury for all issues so triable.

## PRAYER

WHEREFORE, Flygrip respectfully requests that the Court find in its favor and against Amazon, and that the Court grant Flygrip the following relief:

1. A judgment that Amazon has infringed and continues to infringe, one or more claims of the Asserted Patents;

2. A judgment for an accounting of all damages sustained by Flygrip as a result of the acts of infringement by Amazon;

3. A permanent injunction against Amazon, its subsidiaries, or anyone acting on their behalf from making, using, selling, offering to sell, or importing any products that infringe the Asserted Patents, and any other injunctive relief the Court deems just and equitable;

4. A judgment and order requiring Amazon to pay Flygrip damages under 35 U.S.C. § 284, including up to treble damages as provided by 35 U.S.C. § 284, and any royalties determined to be appropriate;

5. A judgment and order requiring Amazon to pay Flygrip pre-judgment and post-judgment interest on the damages awarded;

6. A judgment and order finding this to be an exceptional case and requiring Amazon to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

7. Such other and further relied as the Court deems just and equitable.

DATED: October 18, 2021               Respectfully submitted,

*Robert D. Katz*

Derek Gilliland
Texas State Bar No. 24007239
SOREY & GILLILAND, LLP
133 E. Tyler Street
Longview, Texas 75601
903.212.2822 (Telephone)
903.212.2864 (Facsimile)
derek@soreylaw.com

Robert D. Katz
Texas Bar No. 24057936
KATZ PLLC
6060 N. Central Expressway, Suite 560
Dallas, TX 75206
214.865.8000 (Telephone)
888.231.5775 (Facsimile)
rkatz@katzfirm.com

**ATTORNEYS FOR PLAINTIFF
FLYGRIP, INC.**