**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **FLYGRIP, INC.** | § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No.  6:21-cv-1081-ADA |
| **AMAZON.COM, INC., COGHLAN FAMILY ENTERPRISES LLC, and ATX OVERSTOCK LLC** | § § § § § | |
| *Defendants*. | | |

**PLAINTIFF FLYGRIP INC.'S RESPONSE IN OPPOSITION TO
DEFENDANT AMAZON.COM, INC.'S MOTION TO SEVER AND STAY**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................1

II.  BACKGROUND .................................................................................................................1

    A.   The Pending Flygrip Cases ...................................................................................1

    B.   Locations of the Parties .........................................................................................2

    C.   The Declaratory Judgment Actions Against Flygrip ............................................2

III. LEGAL STANDARDS .......................................................................................................3

IV.  ARGUMENT .......................................................................................................................4

    A.   The Claims Against CFE and ATX Are Not Peripheral to Those Against
        Amazon ..................................................................................................................4

    B.   Adjudication of the Amazon Claims Would Not Dispose of the CFE and ATX
        Claims ....................................................................................................................5

    C.   Similar Motions to Sever Have Been Denied .......................................................7

    D.   No Aspect of This Case Should be Stayed ............................................................7

V.   CONCLUSION AND PRAYER .........................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Red River Waterway Comm'n*, 231 F.3d 211 (5th Cir. 2000) ............................... 3

*Defense Distributed v. Bruck*, No. 21-50327 (5th Cir. Apr. 1, 2022) ....................................... 3

*Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2016 WL 1659924 (E.D. Tex. Apr. 26, 2016) .................................................................................. 5

*In re Nintendo*, 756 F.3d 1363 (Fed. Cir. 2014) ...................................................................... 5

*Insituform Technologies, Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 72 U.S.P.Q.2d 1870 (Fed. Cir. 2004) ................................................................................................................. 3

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ............................................................................ 4

*Limelight Networks, Inc. v. Akamai Techs.*, Inc., 572 U.S. 915 (2014) ................................... 5

*Milo & Gabby LLC, v. Amazon.com, Inc.*, 693 Fed. App'x. 879 (Fed. Cir. 2017) ................... 7

*Milo & Gabby, LLC v. Amazon.com, Inc.*, No. 13-cv-1932-RSM, 2015 WL 8547492, Amazon's Motion for Summary Judgment (W.D. Wash. June 11, 2015) ......................... 7

*SAS Institute Inc. v. World Programming Limited*, No. 2:18-CV-00295-JRG, 2019 WL 8331447 (Apr. 4, 2019) ..................................................................................................... 7

*Shifferaw v. EMSON USA*, No. 209CV54, 2010 U.S. Dist. LEXIS 25612 (E.D. Tex. Mar. 18, 2010). ............................................................................................................................ 4

Plaintiff Flygrip, Inc. ("Flygrip") files this response in opposition to Defendant Amazon.com Inc.'s ("Amazon") motion to sever and stay (ECF No. 28, "Motion").

## I. INTRODUCTION

Amazon's Motion should be denied because of the significant overlap of issues involving Amazon and its co-defendants. Here, the accused products are sold by Amazon on its website, but the accused products are also sold by Amazon's co-defendants on Amazon's website. Thus, the same accused products are being sold alongside each other on Amazon's website. *See* Mot. 3.

Amazon cannot deny that judicial economy is realized by having this Court resolve the dispute with all the present defendants, involving the same accused products and patent claims. Amazon also cannot deny the high risk of inconsistent outcomes should the case be fragmented as it has requested. Accordingly, the Court should deny the Motion.

## II. BACKGROUND

### A. The Pending Flygrip Cases

There are currently three Flygrip cases pending in this district. In addition to this case, the other cases are: *Flygrip, Inc. v. Five Below, Inc.*, No. 6:21-cv-1080-ADA and *Flygrip, Inc. v. Walmart Inc.*, No. 6:21-cv-1082-ADA. According to the initial filings of the cases, including the original complaint filed on October 18, 2021 (the "Original Complaint") in this action, there were six accused products distributed across the three lawsuits, as follows:

|  | Popsockets PopGrip | Otter Popsocket Otterbox | Quest SpinPop | Nite Ize Flipout | Merkury Grip'z | Bytech SideKick |
|---|---|---|---|---|---|---|
|  | Colorado | Colorado | NY | Colorado | NY | NY |
| Five Below 1080 |  |  | x |  | x | x |
| Amazon 1081 | x | x | x | X |  |  |
| Walmart 1082 | x | x | x |  | x |  |

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SEVER AND STAY**     1

Flygrip amended its complaint on April 11, 2022[1] (the "Amended Complaint", ECF No. 22) removing the Nite Ize Flipout product as an accused instrumentality in this case, and adding defendants Coghlan Family Enterprises LLC ("CFE"), an Amazon third-party seller, and ATX Overstock LLC ("ATX"), a seller of surplus and overstock merchandise from major retailers, including Amazon.com.  Thus, the current accused products are distributed as follows:

|  |  | Accused Products | | | | |
|---|---|---|---|---|---|---|
|  |  | Popsockets PopGrip | Otter Popsocket Otterbox | Quest SpinPop | Merkury Grip'z | Bytech SideKick |
|  |  | Colorado | Colorado | NY | NY | NY |
| -1080 case | Five Below |  |  | x | x | x |
| -1081 case | Amazon | x | x | x |  |  |
|  | CFE | x |  |  |  |  |
|  | ATX | x | x |  |  |  |
| -1082 case | Walmart | x | x | x | x |  |

    B.    **Locations of the Parties**

Amazon is a Delaware corporation headquartered in the state of Washington.  Mot. 2. Flygrip is a Texas corporation with an address in Austin, Texas.  Ex. 1.  CFE is a Texas limited liability company with an address in San Antonio, Texas.  Ex. 2.  ATX is a Texas limited liability company with an address in Leander, Texas.  Ex. 3.

    C.    **The Declaratory Judgment Actions Against Flygrip**

In a deliberate attempt to manipulate Flygrip's choice of venue, the manufacturers of two of the accused products, Otter Products, Inc. ("Otter") and PopSockets, Inc. ("PopSockets") filed declaratory judgement actions against Flygrip in Colorado seeking declarations of non-

---

[1] The Amended Complaint was filed before the two pending motions were filed.  Amazon filed its motion to sever and stay and the currently-pending motion to transfer on April 22, 2022 (and after the start of claim construction briefing).

infringement (the "Colorado DJ Cases") after Flygrip filed the complaint in this case.[2] However, Flygrip is not subject to personal jurisdiction in Colorado.[3] Flygrip has filed motions to dismiss each of those cases. Both Colorado DJ Cases have been stayed pending resolution of Flygrip's motions to dismiss. Exs. 4 & 5. It may be several months before Flygrip's motions to dismiss in the Colorado DJ Cases are adjudicated. Flygrip expects that the Colorado DJ Cases will be dismissed.

## III. LEGAL STANDARDS

Assessment of Amazon's motion should be made in view of Fifth Circuit law. *Insituform Technologies, Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1372, 72 U.S.P.Q.2d 1870 (Fed. Cir. 2004) ("Because the joinder issue is not unique to patent law, we apply the law of the regional circuit."—applying Fifth Circuit law in affirming joinder of subsequent assignee of all rights in asserted patent and right to sue for past infringement). As recently held by the Fifth Circuit:

> A court must "weigh carefully" the comparative inconvenience of splitting the suit versus the advantages to be gained from a partial transfer. It should not sever if the defendant not transferred is "so involved" in the controversy transferred to another court that partial transfer would require the same issues to be litigated in two places. "Manifestly," Plaintiffs are disadvantaged by the expense and inconvenience of having to litigate in two disparate fora and by the possibility of inconsistent results. And the public has an interest in the comparative speediness and cost-savings from utilizing a single forum for the issues arising out of one episode. *See also* 15 WRIGHT & MILLER, § 3845, at 86 (echoing these factors).

*Defense Distributed v. Bruck*, No. 21-50327 (5th Cir. Apr. 1, 2022) (on appeal from W.D. Tex. No. 1:18-CV-637).

The district court has broad discretion when deciding whether to sever. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000). How best to manage the court's

---

[2] *See PopSockets LLC v. Flygrip, Inc.*, No. 1:21-cv-02900, ECF No. 1 (D. Col., filed Oct. 28, 2021) and *Otter Products LLC v. Flygip, Inc.*, No. 1:21-cv-03298, ECF No. 1 (D. Col., filed Dec. 8, 2021).

[3] Flygrip also moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim. Flygrip alternatively moved to have the Colorado DJ Cases transferred to WDTX.

docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "Courts have found that, in situations similar to the circumstances existing in this case, severance may be permitted if three factors are met: (1) whether the remaining claims are peripheral to the severed claims; (2) whether adjudication of the severed claims would potentially dispose of the remaining claims; and (3) whether the § 1404(a) factors warrant transfer of the severed claims." *Shifferaw v. EMSON USA*, No. 209CV54, 2010 U.S. Dist. LEXIS 25612, at *4 (E.D. Tex. Mar. 18, 2010).

## IV.   ARGUMENT

### A.   The Claims Against CFE and ATX Are Not Peripheral to Those Against Amazon

As Amazon explains in its Motion, "some of the three accused products are sold by Amazon itself and sold by third-party sellers who use the Amazon.com website as a retail platform for their sales, and some are sold only by third-party sellers." Mot. 3. Amazon suggests that it would be culpable alongside its third-party sellers if infringement is proven. *See* Mot. 1. However, Amazon's argument in the present Motion is specious because, as explained in more detail below, Amazon has taken the position while defending itself against other allegations of patent infringement that it is not responsible for infringement as to products sold by third-parties on Amazon's platform. *See* Ex. 6. Indeed, it is far from certain that Amazon's liability would be co-extensive with the liability of CFE and ATX. Amazon suggests that it would share liability with its third-party sellers, and even states that Flygrip could be seeking a "double recovery". *See* Mot. 1. But, in fact, Amazon would likely repudiate responsibility for sales by third parties as it has done in the past.

Furthermore, the third-party sellers may be liable for direct infringement while Amazon may be liable pursuant to a theory of inducement for allowing the sale to proceed on its platform after having been put on notice of both the patent-in-suit and Flygrip's theories of infringement.

*See* ECF No. 22, ¶¶26-27.  Thus, severing this case "would require [the plaintiff] to proceed against [the selling platform] on a theory of indirect infringement without charging any party as the direct infringer," thereby "impos[ing] a substantial burden on" the plaintiff.  *See Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2016 WL 1659924, at *5 (E.D. Tex. Apr. 26, 2016).  Flygrip cannot prove indirect infringement by Amazon without also proving that someone directly infringed the patents at issue.  *See Limelight Networks, Inc. v. Akamai Techs.*, Inc., 572 U.S. 915, 921 (2014).

Conversely, Amazon's liability as an indirect infringer is not a "predicate to recovery from any of the" Amazon co-defendants for direct infringement.  *See In re Nintendo*, 756 F.3d 1363 (Fed. Cir. 2014).[4]  Thus, the claims against CFE and ATX are not merely peripheral.  This counsels against a stay of the litigation involving CFE and ATX and also against severance of the case.  Furthermore, for Flygrip to prove that a "sale" of an accused product was made by CFE or ATX, information from Amazon's platform may be crucial.  This reinforces the conclusion that the CFE and ATX claims are not peripheral.

### B.    Adjudication of the Amazon Claims Would Not Dispose of the CFE and ATX Claims

As explained above, Amazon may well attempt to dispose of the claims against Amazon involving third-party sales on its platform by arguing that it has no liability for such sales.  This is the very approach Amazon has taken in scores of product liability claims against it.  This is also the approach taken by Amazon in *Milo & Gabby*, as Amazon expressly stated in its motion for summary judgment in that case:

---

[4] While Amazon cites briefly to *In re Nintendo* in its Motion, Amazon does not argue that the customer suit exception applies.  Nor could it credibly do so.  None of the defendants in this case have agreed to be bound by any infringement determination in the declaratory judgment cases, which were filed after the filing of this case.  Also, the declaratory judgment cases do not address all of the products in this suit, or all of the claims, e.g., invalidity.

**D. Amazon Is Not Liable for Direct Patent Infringement Because Amazon Has Not "Sold" or "Offered to Sell" Any Allegedly Infringing Pillowcases**

To state a claim of direct patent infringement, M&G must establish ownership of the patents and show that Amazon, the accused infringer, without authorization, made, used, offered to sell, sold, or imported the patented invention. 35 U.S.C. § 271(a). Here, M&G bases its claim of direct patent infringement on Amazon's purported "offer to sell" or "sale" of allegedly counterfeit Milo & Gabby, LLC products. *See* Dkt. #1 ¶ 1 ("This is a complaint for violations of various ... intellectual property laws arising from Defendant's sales of products that constitute inferior knock-off duplicates of Plaintiff's protected products."). But there is no evidence that Amazon has ever "sold" or "offered to sell" such products within the meaning of 35 U.S.C. § 271(a). Indeed, the evidence reflects otherwise.

To "sell" or "offer to sell" goods, one must transfer or offer to transfer title to those goods. U.C.C. § 2-106(1) ("A 'sale' consists in the passing of title from the seller to the buyer for a price." (emphasis added)); *see Ecodyne Corp. v. Croll-Reynolds Eng'g Co.*, 491 F. Supp. 194, 197 (D. Conn. 1979) (noting that the term " 'sale' ... connotes the formation of a contract under which the seller ... transfers to the buyer title ... to property" in dismissing claims of patent infringement (emphasis added; internal quotation marks and citation omitted)). **It is well-established law that a broker or online intermediary that merely facilitates the direct transfer of title to an article from a third-party seller to a purchaser has not "sold" the article.** *Drug Mart Pharmacy Corp. v. Am. Home Prods. Corp.*, 472 F. Supp. 2d 385, 409 (E.D.N.Y. 2007) ("When parties act as intermediaries for a transaction and do not buy and resell the commodities, no sale between them has occurred."); *Prima Int'l Trading v. Wyant*, No. 6:07-CV-338-REW, 2009 WL 722609, at *6 (E.D. Ky. Mar. 17, 2009) (concluding that a broker is not a "seller" under the Uniform Commercial Code); *Oscar Mayer Corp. v. Mincing Trading Corp.*, 744 F. Supp. 79, 83 (D.N.J. 1990) ("As [the broker] never had title ... it could not 'sell' them.").

For instance, in *Tiffany*, Tiffany alleged that eBay "sold" counterfeit Tiffany jewelry on its website, even though the counterfeit goods were listed on eBay's website by third-party sellers. *Tiffany*, 600 F.3d at 102-03. Consistent with fundamental contract law principles, the Second Circuit rejected this argument, concluding that "eBay did not itself sell counterfeit Tiffany goods; only the fraudulent vendors did." *Id.* at 114; *see also Hendrickson*, 298 F. Supp. 2d at 915 ("**[A]ll of the evidence points to the fact that [the third-party seller], not Amazon, was the actual seller**."). The same reasoning applies here. Because Amazon was not the seller of record for any of the allegedly infringing pillowcases, and had no ownership interest or legal title to any of the allegedly infringing pillowcases, Amazon could not "sell" or "offer to sell" the allegedly infringing pillowcases. M&G makes only conclusory arguments and has no evidence to the contrary. In sum, because M&G has not shown, and cannot show, that Amazon offered or sold the allegedly infringing products, Amazon is entitled to summary judgment of non-infringement.

Ex. 6, *Milo & Gabby, LLC v. Amazon.com, Inc.*, No. 13-cv-1932-RSM, 2015 WL 8547492, Amazon's Motion for Summary Judgment (W.D. Wash. June 11, 2015) (emphasis added); *see also Milo & Gabby LLC, v. Amazon.com, Inc.*, 693 Fed. App'x. 879 (Fed. Cir. 2017). Accordingly, Flygrip should be allowed to seek relief from a third-party seller on Amazon's website where, here, Amazon can be expected to point the finger directly at its third-party seller. Similarly, the third-party claims should proceed with the claims against Amazon because the same accused product is sold both by both Amazon and by third-parties on Amazon's platform. Mot. 3.

### C. Similar Motions to Sever Have Been Denied

A comparable fact pattern was considered in connection with a motion to sever and stay and was denied in *SAS Institute Inc. v. World Programming Limited*, No. 2:18-CV-00295-JRG, 2019 WL 8331447 (Apr. 4, 2019). In *SAS*, the court considered whether claims against "Reseller and Customer Defendants" should be severed and stayed pending adjudication of the claims against defendant WPL. The *SAS* court denied the motion, finding (1) the customer-suit exception does not apply where the claims against the manufacturer and non-manufacturer are not identical, (2) the Reseller and Customer claims were not peripheral to the WPL claims, and (3) adjudication of the WPL claims would not dispose the Reseller and Customer claims. For similar reasons, Amazon's motion should be denied.

### D. No Aspect of This Case Should be Stayed

Amazon argues that other courts have stayed litigation against retailers when the patent owner was also pursuing claims against an "upstream defendant" such as a manufacturer. Mot. 13. But here, Flygrip is not pursuing claims against a manufacturer, and Amazon is not an "upstream defendant". As explained above, Amazon sells the accused products on its platform right alongside its third-party sellers.

Here, a stay would prejudice Flygrip, forcing it to engage in inefficient and more costly piecemeal litigation. A stay would also needlessly delay obtaining discovery from all defendants, which could cause potential loss of evidence and delay in recoveries. Further, there is substantial judicial economy to be gained by moving forward with Amazon's sales and the third-party sales on Amazon's platform at the same time. A stay (or severing the case) would also lead to the substantial risk of inconsistent judgments involving such sales of the same products.

Similarly, a stay would not simplify the issues, but would instead complicate the issues because sales of similar or identical products on Amazon's platform would need to be adjudicated in different phases. And, as explained above, adjudication of claims of infringement against Amazon would not necessarily and definitively resolve claims involving third-party sellers. Furthermore, while Amazon repeatedly refers to the doctrine of exhaustion, Amazon does not explain (1) how it would apply where Amazon repudiates liability for third-party sales on its platform or (2) how it would apply "upstream" to the presently-stayed Colorado declaratory judgment cases initiated by two of the product suppliers.

Discovery in this case is expected to begin on June 24, 2022. ECF No. 17-1. Further, the parties have a presumptive trial date of June 22, 2023. ECF No. 17-1. A stay would require these dates to move substantially.

Because none of the factors weigh in favor of stay, and at least because the first two factors weigh heavily against stay, the Court should not stay any aspect of this case.

## V.   CONCLUSION AND PRAYER

WHEREFORE, Flygrip respectfully requests that the Court deny Amazon's motion in its entirety and to grant Flygrip any further relief to which it may show itself justly entitled.

DATED: May 4, 2022                    Respectfully submitted,

/s/*Robert D. Katz*
Karl Rupp
Texas State Bar No. 24035243
SOREY & GILLILAND, LLP
100 N. 6th Street, Suite 502
Waco, Texas 76701
903.230.5600 (Telephone)
903.230.5656 (Facsimile)
krupp@soreylaw.com

Robert D. Katz
Texas Bar No. 24057936
KATZ PLLC
6060 N. Central Expressway, Suite 560
Dallas, TX 75206
214.865.8000 (Telephone)
888.231.5775 (Facsimile)
rkatz@katzfirm.com

**ATTORNEYS FOR PLAINTIFF
FLYGRIP, INC.**