IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| FLYGRIP, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>AMAZON.COM, INC., COGHLAN FAMILY ENTERPRISES LLC, and ATX OVERSTOCK LLC<br><br>*Defendants*. | Case No. 6:21-cv-01081-ADA<br><br>**JURY TRIAL DEMANDED** |

**<u>DEFENDANT AMAZON.COM, INC.'S REPLY IN SUPPORT OF ITS MOTION TO SEVER AND STAY PLAINTIFF'S NEWLY ADDED CLAIMS AGAINST COGHLAN FAMILY ENTERPRISES LLC, AND ATX OVERSTOCK LLC</u>**

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION ................................................................................................................ 1

II. FLYGRIP HAS AGREED TO DISMISS ATX ............................................................... 2

III. THE CLAIMS AGAINST CFE ARE PERIPHERAL AND SHOULD BE SEVERED.... 2

   A. The new claims are peripheral because they were added by Flygrip solely to manipulate the venue issues raised by Amazon's initial transfer motion ..................... 2

   B. The new claims are peripheral because they add nothing significant to the claims against Amazon ........................................................................................... 4

   C. The new claims are peripheral because resolution of the claims against Amazon is likely to dispose of the claims against CFE ............................................... 7

IV. THE COURT SHOULD STAY THE SEVERED CLAIMS AGAINST CFE ................... 8

V.  CONCLUSION .................................................................................................................... 9

i

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*American Vehicular Sciences LLC v. Toyota Motor Corp.*,
  No. 6:12cv404 MHS–JDL, 2014 WL 3385149 (E.D. Tex. July 10, 2014) ............................ 5, 7

*Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*,
  No. 2:15-CV-1202-WCB, 2016 WL 1659924 (E.D. Tex. Apr. 26, 2016) ................................ 6

*Gold v. Burton Corp.*,
  949 F. Supp. 208 (S.D.N.Y. 1996) ........................................................................................... 3

*In re Hoffmann-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009) ................................................................................................ 2

*In re Nintendo of America, Inc.*,
  756 F.3d 1363 (Fed. Cir. 2009) ................................................................................................ 5

*In re Samsung Electronics, Ltd.*,
  2 F.4th 1371 (Fed. Cir. 2021) ............................................................................................... 3, 4

*Intel Corp. v. ULSI Sys. Tech., Inc.*,
  995 F.2d 1566 (Fed. Cir. 1993) ................................................................................................ 7

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*,
  No. 6:20-cv-00876-ADA, 2022 WL 958384 (W.D. Tex. March 25, 2022) ................... 4, 5, 6, 8

*Oplus Techs., Ltd. v. Sears Holding Corp.*,
  No. 11-CV-9029, 2012 WL 2400478 (N.D. Ill. June 21, 2012) ............................................... 3

*Pipeline Techs. Inc. v. Telog Instruments Inc.*,
  No. CV–13–02104–PHX–SPL, 2014 WL 5241719 (D. Ariz. Oct. 15, 2014) .......................... 5

*SAS Institute Inc. v. World Programming Ltd.*,
  No. 2:18-CV-00295-JRG, 2019 WL 8331447 (E.D. Tex. Apr. 4, 2019) .................................. 6

*Spread Spectrum Screening, LLC v. Eastman Kodak Co.*,
  No. 10-C-1101, 2010 WL 3516106 (N.D. Ill. Sept. 1, 2010) ................................................... 3

*Toshiba Corp. v. Hynix Semiconductor, Inc.*,
  No. A.3:04-CV-2391-L, 2005 WL 2415960 (N.D. Tex. Sept. 30, 2005) ................................. 5

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) .................................................................................................................. 2

**Statutes**

28 U.S.C. §1404 ............................................................................................................................. 2

35 U.S.C. § 271 ............................................................................................................................. 5

I.  **INTRODUCTION**

Flygrip just informed Amazon that it agrees to dismiss ATX Overstock LLC ("ATX") from this lawsuit. Thus, ATX no longer will serve as a basis for blocking transfer of this case to Colorado, and there will no longer be a need to sever ATX. This reply addresses only the remaining newly added business, Coghlan Family Enterprises LLC ("CFE").

This case falls squarely into a long line of cases in which, incidental defendants, such as retailers, distributors, sales representatives, and others in the stream of commerce, are accused of infringement, as here, for allegedly selling the same accused products as a related primary defendant. In some of these cases, as here, the incidental parties were added for the obvious purpose of manipulating venue, such as blocking transfer to a clearly more convenient forum. The outcome of these cases is severing and staying the claims against the incidental parties, permitting transfer of the case against the primary defendant. Amazon's motion cited and discussed over a dozen of these cases, including from this Court, and showed how they are applicable to the facts here and justify the same relief. (Mot. at 5-8.) Flygrip did not attempt to distinguish this authority and in fact just ignored nearly every one of these cases.

There can be no doubt that Flygrip added local WDTX business CFE in its amended complaint just last month for the purpose of blocking transfer of the entire action to Colorado, a transfer Amazon had requested months ago; Flygrip does not deny this was its intent. The claims against CFE also add nothing to the case given that Flygrip makes the same claims against CFE that it already makes against Amazon. Indeed, from a relief standpoint, CFE provides no advantage to Flygrip because CFE is just one of over 150 third-party sellers of accused products. Finally, a decision on the claims against Amazon will likely dispose of the claims against CFE because in nearly every possible scenario, resolution in the former also resolves the latter.

In the end, severance is put to the discretion of the Court. Where the case law emphatically supports severance and where denying severance would encourage plaintiffs to heavily burden local businesses with incidental and unnecessary claims of patent infringement simply to block transfer motions, the Court should exercise its discretion to sever and stay.

## II.     FLYGRIP HAS AGREED TO DISMISS ATX

On May 18, 2022, Flygrip counsel told Amazon counsel that Flygrip agrees to dismiss ATX from this lawsuit. Thus, the claims against ATX no longer serve as a barrier to transfer of this action, and there will no longer be a need to sever ATX from this case.

## III.    THE CLAIMS AGAINST CFE ARE PERIPHERAL AND SHOULD BE SEVERED

Courts have found additional parties to be peripheral to the main claims, and thus worthy of severance, for a variety of reasons, all of which apply here. (*See* Mot. at 5-8.)

### A. The new claims are peripheral because they were added by Flygrip solely to manipulate the venue issues raised by Amazon's initial transfer motion

There can be no doubt Flygrip added CFE (and soon-to-be-dismissed ATX) to this case just last month for the specific purpose of blocking Amazon's transfer motion that had been filed months ago. Indeed, Flygrip's response does not deny it. But the Supreme Court and Federal Circuit have long warned against such deliberate efforts by a plaintiff to engineer facts to defeat transfer. *See Van Dusen v. Barrack*, 376 U.S. 612, 624 (1964) ("[Section] 1404(a) should be construed to prevent parties who are opposed to a change of venue from defeating a transfer which, but for their own deliberate acts or omissions, would be proper, convenient and just. The power to defeat a transfer to the convenient federal forum should derive from rights and privileges conferred by federal law and not from the deliberate conduct of a party favoring trial in an inconvenient forum."); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009). ("A plaintiff's attempts to manipulate venue in anticipation of litigation or a motion to transfer falls squarely

within these prohibited activities [described in Van Dusen]"). Moreover, the Federal Circuit has specifically held that these "longstanding principles against manipulation are no less applicable to the requirement that an action 'might have been brought' in the transferee district." *In re Samsung Elecs., Ltd.*, 2 F.4th 1371, 1378 (Fed. Cir. 2021).

Numerous cases discussed in Amazon's motion have found claims against added defendants to be peripheral when they were included to frustrate transfer. *See, e.g.*, *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, No. 10-C-1101, 2010 WL 3516106, at *3 (N.D. Ill. Sept. 1, 2010) (finding claims against Kodak's licensees were peripheral to the claims against Kodak because, for example, "the only significant reason plaintiff has joined Kodak's Customers in its action against Kodak is to establish proper venue in the Northern District of Illinois"); *Oplus Techs., Ltd. v. Sears Holding Corp.*, No. 11-CV-9029, 2012 WL 2400478, at *3 (N.D. Ill. June 21, 2012) ("It's unclear what, if anything, the claims against Sears can contribute to Oplus's infringement action against JVC. The obvious reason Oplus joined Sears in this action was to establish venue in the Northern District of Illinois; therefore, Sears is a peripheral defendant."); *Gold v. Burton Corp.*, 949 F. Supp. 208, 209–210 (S.D.N.Y. 1996) (despite plaintiff's decision to include a New York retailer who "could not have been sued in Vermont," where the manufacturer was located, "the Court's hands are not tied where, as here, a plaintiff has joined an alleged infringer who has no real connection with the case except being downstream of the real defendant in the distribution chain for the manifest purpose of insisting upon an inconvenient venue with which the plaintiff himself has no genuine tie").

Likewise, without specifically addressing the plaintiff's intent, this Court severed claims against several co-defendants "only added to this Action after Meraki filed its motion to transfer" because the newly added parties were not subject to suit in the proposed district. *Monolithic Power*

3

*Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-cv-00876-ADA, 2022 WL 958384, at *8 (W.D. Tex. March 25, 2022). The Court gave the newly added parties "little to no weight in the transfer analysis" and transferred the claims against primary defendant Meraki. *Id*.

If Flygrip had a basis for distinguishing these cases, which support severance and were discussed at length in Amazon's motion, one would have expected some mention of them in the response. But they are nowhere to be found there. Because CFE was plainly added for the purpose—not disputed by Flygrip—of frustrating Amazon's already-filed transfer motion by manipulating whether the "action 'might have been brought' in the transferee district," *Samsung*, 2 F.4th ay 1378, it is peripheral, and the claims against it should be severed.[1]

### B. The new claims are peripheral because they add nothing significant to the claims against Amazon

The newly added claims against CFE are also peripheral because they add nothing of substance to the existing claims against Amazon. Flygrip suggests that the claims are distinct because it is alleging direct infringement against CFE and indirect infringement against Amazon. (Opp. at 5.) In fact, the claims against CFE are identical to ones also leveled against Amazon.

In its amended complaint, Flygrip asserts two independent claims from its patent, one directed to a "collapsing and expanding one hand gripping apparatus" and one to a method of using such an apparatus. (*See* ECF No. 22-3.) The amended complaint alleges that Amazon infringes by, for example, selling on the Amazon.com website certain PopSockets products that allegedly infringe. (ECF No. 22 at ¶¶ 22, 28, 30.) It alleges that CFE "is a third-party seller" of those same

---

[1] As another apparent attempt to affect the venue analysis after transfer had already been sought, Flygrip changed its state of incorporation from New York to Texas just a few months ago. (Compare ECF No. 1 at ¶ 1 with ECF No. 22 at ¶ 1.) This change has no bearing on this motion to sever. In its motion to sever, however, Amazon mistakenly referred to Flygrip as a New York corporation, citing the complaint. Amazon apologizes to the Court for this inadvertent error, as its counsel failed to notice the change made in the amended complaint.

accused PopSockets products on the Amazon.com website. (*Id*. at ¶¶ 25, 29, 31.) Thus, the allegations against CFE involve the same accused products already at issue in the claims against Amazon.

The specific counts of infringement against CFE are also the same as claims already asserted against Amazon. Flygrip recites identical allegations of indirect infringement under 35 U.S.C. § 271(b) against Amazon and CFE (ECF No. 22 at ¶¶ 28-29.) and identical allegations of indirect infringement under 35 U.S.C. § 271(c) against Amazon and CFE (*id*. at ¶¶ 30-31). Thus, the claims against CFE do not add anything additional to what Flygrip already made against Amazon.

In case after case, when related parties have been added based on their sales of the same accused product as the primary defendant, claims have been found to be incidental and worthy of severance. *See*, *e.g.*, *Monolithic*, 2022 WL 958384, at *8 (severing two defendants that incorporated a primary defendant's accused semiconductor products into their own devices); *American Vehicular Sciences LLC v. Toyota Motor Corp.*, No. 6:12cv404 MHS–JDL, 2014 WL 3385149, at *2–3 (E.D. Tex. July 10, 2014) (severing claims against local distributor of same products).[2] Here, CFE is just one of over 150 third-party sellers of the accused products on Amazon's website, conduct for which Flygrip also claims Amazon is itself responsible. (*Id*.; ECF No. 22-2, at 3; ECF No. 28-2 at 7, 10; ECF No. 28-3.) Thus, Flygrip's claims against CFE fall squarely within the line of cases discussed in Amazon's motion because they add nothing of

---

[2] *See also Pipeline Techs. Inc. v. Telog Instruments Inc.*, No. CV–13–02104–PHX–SPL, 2014 WL 5241719, at *3–5 (D. Ariz. Oct. 15, 2014) (severing claims against local independent sales representative for same accused products); *Toshiba Corp. v. Hynix Semiconductor, Inc.*, No. A.3:04-CV-2391-L, 2005 WL 2415960 (N.D. Tex. Sept. 30, 2005) (severing claims against sales representatives for same accused products); *In re Nintendo of America, Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2009) (severing claims against retailers of same accused products).

significance to those against Amazon.³

While ignoring all of the on-point cases that justify severance here, Flygrip cites two decisions that are inapposite because they address an entirely different situation. In *SAS Institute Inc. v. World Programming Ltd.*, No. 2:18-CV-00295-JRG, 2019 WL 8331447, at *3–4 (E.D. Tex. Apr. 4, 2019), the court refused to sever claims against a software manufacturer and its customers who were the end users of the accused software. Importantly, the claims against the customers were for direct infringement based on their use of the software, which the plaintiff alleged to directly infringe certain method claims, while the claims against the manufacturer were of indirect infringement of those method claims, such as inducing the customers to use the software and practice the claimed method. *Id*. at *3. In finding that the claims against the customers were not peripheral, the court explained that the patentee "cannot prove indirect infringement by [the customers] without also proving that someone directly infringed the patents at issue," with that someone being the customer defendants. *Id*. That is not the case here, where none of defendants are the real end users of the accused phone grips or of any method for using those phone grips. Instead, the claims against Amazon and CFE both boil down to their selling or reselling of the same PopSockets products.⁴

---

³ Even if the nature of the claims against Amazon and CFE was substantially different, which it is not, that would not defeat the need for severance. Indeed, this Court severed claims against two defendants who incorporated accused products of a primary defendant into their own products. *See Monolithic*, 2022 WL 958384, at *8.

⁴ Likewise, in *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co*., No. 2:15-CV-1202-WCB, 2016 WL 1659924, at *3 (E.D. Tex. Apr. 26, 2016), defendant Lilly manufactured a drug that did not infringe "off the shelf"; instead, the claims were directed to a method of administering the drug. The plaintiff accused another defendant, a chain of pharmacies, of being a direct infringer by, for example, filling prescriptions with the drug and instructions on its use. *Id*. at *1. The district court declined to sever because the claims against the pharmacy chain were distinct, involving direct infringement of the claimed method. *Id*. at *4–5. Here, Amazon and CFE are *both* accused of infringing the *same* claims for the *same* reasons: selling the PopSockets products. *Erfindergemeinschaft* does not apply to this case's facts.

### C. The new claims are peripheral because resolution of the claims against Amazon is likely to dispose of the claims against CFE

Flygrip does not dispute that the claims against CFE encompass the same accused products as found in its claims against Amazon. (Opp. at 2.) Thus, there is no dispute that if Amazon prevails in showing that the PopSockets products do not infringe or that the Flygrip patent claims are invalid, the claims against CFE go away. There is also no dispute that if Flygrip wins on both infringement and validity against Amazon and establishes, *as Flygrip itself alleges*, that Amazon is responsible for all third-party sales of the accused products on Amazon's website, the claims against CFE must go away because Flygrip cannot obtain a double recovery for the same sales.[5] In these scenarios, which account for nearly every possible outcome, disposition of the claims against Amazon would definitely dispose of the claims against CFE.

Despite the strong likelihood that resolution of the claims against Amazon will dispose of the dispute with CFE, Flygrip contends that severance is improper because of one possible scenario: where it wins against Amazon on everything except Amazon's responsibility for third-party sellers' sales of accused products. But a 100% guarantee that the claims against one will dispose of the claims against the other is not the law for severance, and Flygrip cites no authority that it is. Indeed, the standard for severance that Flygrip itself quotes in its response looks at "whether adjudication of the severed claims would *potentially* dispose of the remaining claims." Opp. at 4 (quoting *Shifferaw*, 2010 WL 1064380)) (emphasis added).[6] This case easily fits within

---

[5] *See, e.g.*, *Shifferaw v. Emson USA*, No. 2:09–CV–54–TJW–CE, 2010 WL 1064380, at *3 (E.D. Tex. March 18, 2010) ("Shifferaw cannot receive a double recovery for the same sales"); *Koh v. Microtek Intern., Inc.*, 250 F. Supp. 2d 627, 632–33 (E.D. Va. 2003) (patentee cannot recover twice for the same sale) (citing *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568–69 (Fed. Cir. 1993) (patentee can collect only one royalty from patent infringement)).

[6] *See also American Vehicular Sciences*, 2014 WL 3385149, at *2–3 (finding claims against local distributor peripheral where "adjudication of the remaining claims against Toyota would *likely* dispose of AVS' claims against Gulf States as a severed Defendant") (emphasis added);

7

the standard of "likely to dispose" or "potentially dispose," as in nearly all permutations, the case against Amazon would resolve the case against CFE as well.

## IV. THE COURT SHOULD STAY THE SEVERED CLAIMS AGAINST CFE

The relevant factors all support a stay of the claims against the severed incidental defendant. (Mot. at 12-14.). The claims against CFE are truly in their infancy, as CFE has not answered or appeared. Flygrip argues that discovery is set to open in late June 2022, that the parties have a "presumptive trial date" (which was proposed by Flygrip and Amazon in January but not yet ordered by the Court), and that a stay is inappropriate because those future dates would need to change. (Opp. at 8.) These facts do not make a stay inappropriate. *See GreatGigz Solutions, LLC v. Costco Wholesale Corp.*, No. 6-21-CV-00807, 2022 WL 1037114, at *4 (W.D. Tex. Apr. 6, 2022) (staying the severed claims where "there has been no Markman and no fact or expert discovery," the "Court has not yet set" a trial date, and "[a] stay would therefore not uproot any minimal progress made in these cases"). Moreover, those dates would likely need change anyway for CFE, who Flygrip only chose to add to the case after the patent contentions had been exchanged and after the claim construction process had already commenced.

Flygrip also fails to show it would be prejudiced if the severed claims against CFE are stayed. While Flygrip speculates about a "potential loss of evidence" (Opp. at 8), it does not identify any specific evidence nor why it might be lost during a stay of these incidental claims.

Flygrip also is wrong that it would be prejudiced based on a "delay in recoveries" and that judicial economy favors instead moving forward on the claims against CFE. As discussed above at 6-7, if Amazon shows invalidity of the claims or non-infringement of the PopSockets products,

---

*Monolithic*, 2022 WL 958384, at *8 (severing claims against two defendants that incorporated a primary defendant's product into their own, despite no express finding on whether or not resolution of claims against one would dispose of claims against the others).

8

Flygrip cannot recover from CFE either. If Flygrip prevails on its claim that Amazon is responsible for its own and all third-party sales on its website, then Flygrip could obtain no additional recovery from CFE. (*See* above at note 5.) And, even for the one scenario in which Flygrip wins but Amazon is *not* responsible for third-party sellers, proceeding against CFE (the only third-party seller being sued) would hardly be efficient because Flygrip is not proceeding with claims against third-party *sellers* of the accused products, but instead against just one third-party *seller* (among over 150). Going after one third-party seller solves almost nothing for Flygrip, and going after all of them individually, first in this case then in dozens of follow-ups, would be extremely inefficient. Were Flygrip truly interested in seeking the most expeditious and economical path to a full recovery for all accused products, it would have filed its suit against PopSockets, the source of any claims regarding PopSockets products. Proceeding against PopSockets would allow Flygrip to resolve its claims against all PopSockets products, whether distributed to Amazon, CFE, any other third-party sellers on the Amazon.com website, Walmart, or any other retailer or reseller of those products nationwide. Instead, Flygrip has been fighting tooth and nail against that most efficient path.

To avoid burdening this incidental local business while the same claims against the same products are litigated against Amazon, the Court should stay the severed claims against CFE.

## V.   CONCLUSION

Flygrip has agreed to dismiss ATX from this suit. That will leave CFE as the only remaining local business added by Flygrip to this case, and the Court should sever and stay the claims against CFE.

Dated:  May 18, 2022                      Respectfully submitted,

                                          */s/ J. Christopher Carraway*
                                          Darryl J. Adams
                                          Texas State Bar No. 00796101
                                          dadams@sgbfirm.com
                                          SLAYDEN GRUBERT BEARD PLLC

9

401 Congress Ave., Suite 1650
Austin, TX 78701
Telephone: (512) 402-3550
Fax: (512) 402-6865

J. Christopher Carraway (*Pro Hac Vice*)
Oregon State Bar No. 961723
chris.carraway@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
Telephone: (503) 595-5300
Fax: (503) 595-5301

*Attorneys for Defendant Amazon.com, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of May, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *J. Christopher Carraway*
J. Christopher Carraway