IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **FLYGRIP, INC.,** *Plaintiff,* <br><br> *vs.* <br><br><br> **AMAZON.COM, INC., COGHLAN FAMILY ENTERPRISES LLC, and ATX OVERSTOCK LLC** <br><br> ***Defendants*** | **CASE NO. 6:21-CV-01081-ADA** |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Amazon.com, Inc.'s ("Amazon") Revised Motion to Transfer Venue under 28 U.S.C. § 1404(a) to the District of Colorado ("DCO") or, Alternatively, to Stay ("Transfer Motion") and Motion to Sever and Stay ("Severance Motion"). ECF No. 30; ECF No. 28. Amazon filed its Transfer Motion on April 22, 2022. ECF No. 30. Plaintiff Flygrip, Inc. ("Flygrip") filed its Response to Defendant's Motion on May 4, 2022. ECF No. 33. Defendant filed a Reply on May 13, 2022. ECF No. 38. Amazon filed its Severance Motion on April 22, 2022 (ECF No. 28) to which Flygrip filed a Response on May 4, 2022. ECF No. 32. Defendant filed its Reply on May 18, 2022. ECF No. 39. After careful consideration of the parties' briefs and the applicable law, the Court **DENIES** Amazon's Motion to Transfer Venue to the DCO under 28 U.S.C. § 1404(a), or, Alternatively, to Stay, and **DENIES** Defendant's Motion to Sever and Stay.

### I. FACTUAL BACKGROUND

Plaintiff Flygrip filed its Original Complaint on October 18, 2021, accusing Defendant Amazon of infringing on at least claim 2 of U.S. Patent No. 10,800,024 ("the '024 Patent"). ECF

No. 1. On April 11, 2022, Plaintiff Flygrip filed its Amended Complaint adding Coghlan Family Enterprises LLC ("CFE") and ATX Overstock LLC ("ATX") as co-defendants. On May 24, 2022, Flygrip voluntarily dismissed all claims as to ATX (ECF NO. 42), so this Court will only consider claims levied against Amazon and CFE.

The '024 Patent describes "[a] collapsing and expanding one hand gripping apparatus fastened or built into to [sic] the back of a handheld device or its case." ECF No. 22-1 at 38. Flygrip's Amended Complaint accuses Amazon of directly and indirectly infringing the '024 Patent by making, using, offering for sale, selling, and/or importing certain handheld gripping apparatuses or by actively inducing others to infringe the '024 Patent. ECF No. 22. It also accuses CFE of indirectly infringing the '024 Patent by actively inducing others to infringe the '024 Patent. *Id.* The accused products include the OtterBox Otter+PopSocket line of handheld cases ("Otterbox Products"), the PopSockets LLC line of PopGrip (and related) products (the "PopSockets Products"), and the Quest USA Corp. line of SpinPop products (the "Quest Products") (collectively, "Accused Products"). *Id.* at 4–5.

The same day it filed this case, Flygrip filed separate complaints in the Western District of Texas against Walmart Inc. ("Walmart") and Five Below, Inc. ("Five Below"), asserting the '024 Patent in both cases.[1] In the three weeks following Flygrip's initial filings in October 2021, two of the three third-party suppliers of the Accused Products, PopSockets and Otter, filed actions in the DCO seeking declaratory judgment that their respective Accused Products do not infringe the '024 Patent. ECF Nos. 1 at 11, 14-35, 14-36. Amazon filed its original Motion to Transfer Venue on January 10, 2022, seeking transfer to the DCO. ECF No. 14. On April 11, 2022, Flygrip filed its

---

[1] *Flygrip, Inc. v. Walmart Inc.*, 6:21-cv-01082 (W.D. Tex. Oct. 18, 2021); *Flygrip, Inc. v. Five Below, Inc.*, 6:21-cv-0180 (W.D. Tex. Oct. 18, 2021).

Amended Complaint (ECF No. 22). On April 22, 2022, Amazon filed its Severance Motion, withdrew its original Motion, and filed its Revised Motion seeking transfer to the DCO, or in the alternative, a stay pending the resolution of the declaratory judgment suits in the DCO. ECF Nos. 28, 29, 30.

Flygrip is a corporation organized under the laws of Texas with its principal place of business in Farmingdale, New York. ECF No. 22 at 1. Flygrip, an inventor-controlled entity, is the owner and assignee of the '024 Patent. *Id.* at 5.

Amazon is a corporation organized under the laws of the Delaware with its principal place of business in Seattle, Washington. *Id.* at 1.

CFE is a limited liability company organized under the laws of Texas with its principal place of business in San Antonio, Texas. *Id.*

## II. LEGAL STANDARD

### A. Transfer For Convenience

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id*. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

"The preliminary question under Section 1404(a) is whether a civil action 'might have been brought' in the transfer destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir.

2008) (hereinafter "*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious[,] and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Volkswagen II*, 545 F.3d at 315. The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 315. Although the plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314–15. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere

preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

### B. Sever and Stay

Rule 21 of the Federal Rules of Civil Procedure allows the court to sever any claim against any party. Fed. R. Civ. P. 21. When deciding whether to sever, the district court has "broad discretion." *Shifferaw v. EMSON USA*, No. 2:09-cv-54, 2010 U.S. Dist. LEXIS 25612, at *1 (E.D. Tex. Mar. 18, 2010) (citing *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000)). The party seeking severance under Rule 21 "bears the burden of proving that such action is necessary." *Aspen Tech., Inc. v. Kunt*, No. 4:10-cv-1127, 2011 U.S. Dist. LEXIS 1971, at *3 (S.D. Tex. Jan. 10, 2011) (citations omitted).

Severance may be permitted when three factors are met: (1) whether the remaining claims are peripheral to the severed claims; (2) whether adjudication of the severed claims would potentially dispose of the remaining claims; and (3) whether the § 1404(a) factors warrant transfer of the severed claims. *Shifferaw*, 2010 U.S. Dist. LEXIS 25612, at *1. As the Fifth Circuit has recognized, a district court may sever and transfer claims against one co-defendant to a clearly more convenient venue where those claims may have been brought, while the district court retains claims against another co-defendant. *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984).

A trial court has broad discretion to stay an action against a party to promote judicial economy. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-5, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Courts typically consider four factors when determining whether to grant a stay: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set. *GreatGigz Sols., LLC v. Costco Wholesale Corp.*, No. 6:21-CV-807, 2022 U.S. Dist. LEXIS 63778 (W.D. Tex. April 6, 2022).

### III. DISCUSSION

#### A. Severance

Amazon moves to sever and stay the claims against co-defendant CFE. ECF No. 28. It argues that CFE is merely a peripheral defendant, and its claims should be stayed pending resolution of the claims against Amazon. The Court holds that the claims against Amazon cannot be severed from the claims against CFE. The severance requirements have not been met and CFE is not a mere peripheral defendant.

#### 1.   CFE's Status as a Third-Party Seller Weighs Against Severance.

The first severance factor this Court will consider is whether the claims against CFE are merely peripheral to the claims against Amazon. CFE is "a third-party seller of one or more of the Exemplary Products on the Amazon.com website." ECF No. 22, ¶ 25. To support its Motion, Amazon cites to several cases where severance was granted. ECF No. 28 at 5–8. This Court distinguishes the present case because as a seller alongside Amazon, CFE is a co-seller engaged in the same activities at the same level of the stream of commerce as Amazon. The cases cited by Amazon are inapposite; they all sever claims against retailers, distributors, or upstream manufacturers—not claims against co-sellers sitting in the same position. *See, e.g., American Vehicular Sciences LLC v. Toyota Motor Corp.*, No. 6:12-cv-404 MHS-JDL, 2014 WL 3385149, at *2 (E.D. Tex. July 10, 2014) (finding that since a local distributor had "no role in the installation,

manufacture, research, development[,] or engineering of the accused structures and systems," and that "adjudication of the remaining claims against the manufacturer would likely dispose of [plaintiff's] claims against [the distributor] as a severed Defendant," the claims against the distributor were peripheral); *Richmond v. Forever Gifts, Inc.*, No. 3:14-cv-0583-k, 2015 WL 11120883, at *2 (N.D. Tex. March 18, 2015) (severing claims against a retailer from claims against an "upstream defendant") (internal citations omitted); *Spectrum Screen, LLC v. Eastman Kodak Co.*, No. 10-c-1101, 2010 WL 3516106, at *1 (N.D. Ill. Sept. 1, 2010) (severing claims against a product producer and its customers); *Oplus Technologies, Ltd. v. Sears Holding Corp.*, No. 11-cv-9029, 2012 WL 2400478, at *1 (N.D. Ill. June 21, 2012) (severing claims against a product manufacturer and retailer); *Gold v. Burton Corp.*, 949 F. Supp. 208, 209 (S.D.N.Y. 1996) (severing claims against a manufacturer and downstream retailer); *In re Nintendo of America, Inc.*, 756 F.3d 1363, 1364 (Fed. Cir. 2009) (severing claims against a product distributor and downstream retail resellers); *Pipeline Techs. Inc. v. Telog Instruments Inc.*, No. cv–13–02104–PHX–SPL, 2014 WL 5241719, at *3–5 (D. Ariz. Oct. 15, 2014) (severing claims against a local independent sales representative of accused product manufacturer and manufacturer itself); *MGT Gaming, Inc. v. WMS Gaming, Inc.*, 978 F. Supp. 2d 647 (S.D. Miss. 2013); *Shifferaw*, 2010 WL 1064380, at *3–4 (severing claims against retailers from those against manufacturer); *Toshiba Corp. v. Hynix Semiconductor, Inc.*, No. A.3:04-CV-2391-L, 2005 WL 2415960 (N.D. Tex. Sept. 30, 2005) (severing claims against manufacturer of accused product and sales representatives); *Koh v. Microtek Intern., Inc.*, 250 F. Supp. 2d 627, 632–37 (E.D. Va. 2003) (severing claims against a retailer and the manufacturer and importer of the product); *LG Elecs. Inc. v. Advance Creative Comp. Corp.*, 131 F. Supp. 2d 804, 811 (E.D. Va. 2001) (severing claims against reseller of accused products). Given the comparable nature of CFE and Amazon's alleged infringement, the

claims against CFE are patently different than those against the co-defendants that the other courts have severed. The infringement claims against CFE are not conjured out of thin air, as CFE sells the very same products that Amazon is accused of infringing. They appear to be a legitimate infringer and are not merely tangential to the present case. The Court therefore finds that CFE is not a peripheral defendant and should not be severed from this case.

### 2.   Adjudication of the Remaining Claims Against Amazon Would Not Dispose of Flygrip's Claims Against CFE.

The second severance factor this Court considers is whether adjudication of the severed claims would resolve the remaining claims against CFE. Severance of Amazon would not resolve Flygrip's claims against CFE. Flygrip has asserted claims of direct infringement only against Amazon, not CFE. The sole basis for the claim against CFE is an indirect infringement claim.

Several possibilities arise if this Court were to sever and stay CFE, while continuing with Amazon. First, Amazon may be found liable for direct infringement. The Court would then have to lift the stay and re-litigate the CFE case, a waste of judicial resources. Second, Amazon may try to dispose of the claims against it by arguing that it has no liability for such sales, as it has done in previous cases. ECF No. 32 at 5–7. In *Milo & Gabby, LLC v. Amazon.com, Inc.*, Amazon argued that "[b]ecause Amazon was not the seller of record for any of the allegedly infringing [products], and had no ownership interest or legal title to any of the allegedly infringing [products], Amazon could not 'sell' or 'offer to sell' the allegedly infringing [products]." No . 13-cv-1932-RSM, 2015 WL 8547492, Amazon's Motion for Summary Judgment (W.D. Wash. June 11, 2015). Severing Amazon, followed by Amazon arguing for no liability as a seller lacking legal title, would do nothing to resolve the claims against CFE as a co-seller on Amazon's website. Third, Amazon may be found not liable for infringement. The problem in this scenario is that Flygrip may nevertheless decide to pursue CFE after losing to Amazon. Amazon cites several cases where severance of

8

defendants would dispose of the claims against co-defendants because they existed in manufacturer-seller relationships. ECF No. 28 at 11. But as explained above, CFE is a co-seller on Amazon's website, at equal position in the stream of commerce. A finding of liability for one will not automatically dispose of the remaining claims because CFE is not an upstream defendant. The only scenario where adjudication of the Amazon case would dispose of the CFE case is if the claims were found to be invalid.

Although an invalidity ruling in a severed Amazon case may dispose of Flygrip's claims, the Court finds that adjudication of the claims against Amazon would not dispose of the claims against CFE. This factor does not favor severance.

### 3. The § 1404(a) Factors Do Not Warrant Transfer.

The third severance factor is whether the severed claims should be transferred. As explained below, it is improper for this Court to consider the § 1404(a) transfer factors because this case could not have been brought in the DCO. This factor does not favor severance.

### 4. The CFE Claims Cannot Be Stayed Because They Will Not Be Severed.

Amazon moves to stay the claims against CFE pending resolution of the claims against Amazon. ECF No. 28 at 12. Severance is a predicate to the requested stay of the severed claims. Because the Court does not sever the claims against Carrier-Retailers, the Court need not consider whether those claims would have been stayed had they been severed. Additionally, a stay in this context would impair judicial economy and would only complicate this litigation.

None of the factors that courts typically consider when analyzing severance warrant a severance and stay of the claims against CFE. Moreover, a court has broad discretion in deciding whether to sever claims or parties. Significant judicial economy would be served by keeping these

defendants in one cause of action. For the foregoing reasons, the Court **DENIES** Amazon's Motion

to Stay (ECF No. 28).

—

### B.  Transfer

Having resolved Amazon's Motion to Stay, the Court now turns to Amazon's Motion to

Transfer to the DCO. ECF No. 30. Although motions to transfer typically focus on the convenience

factors, the Court must first determine whether jurisdiction and venue are proper in the transferee

forum—the DCO. As courts in the Fifth Circuit have articulated: "[t]here is no sliding scale, where

more convenience diminishes the showing required for jurisdiction and venue. Rather, the movant

must satisfy both the statutory requirements and clearly demonstrate that the transfer is clearly

more convenient." *Capella Photonics, Inc. v. Infinera Corp.*, No. 2:20-cv-00077, 2021 WL

518478, at *4 (E.D. Tex. Feb. 10, 2021). The burden to prove that a case might have been brought

in the transferee venue falls squarely upon the movant. *See Volkswagen II*, 545 F.3d at 312 ("a

moving party . . . must satisfy the statutory requirements and clearly demonstrate that a transfer is

[for convenience]"). If the movant has not satisfied that burden, the Court cannot transfer the case.

*Japan Display Inc. v. Tianma Microelectronics Co.*, No. 2:20-CV-00283-JRG, 2021 U.S. Dist.

LEXIS 160256, at *8 (E.D. Tex. Aug. 25, 2021) (citing *Hoffman v. Blaski*, 363 U.S. 335, 340

(1960) ("If it has not been shown that the transferee court could hear the case, the Court has no

ability to transfer, regardless of how convenient or inconvenient the transfer might be.")). Under

28 U.S.C. § 1400(b), a claim for patent infringement must be brought either (1) "in the judicial

district where the defendant resides," or (2) "where the defendant has committed acts of

infringement and has a regular and established place of business." 28 USC § 1400(b) (emphasis

added).

Amazon maintains offices in the DCO, giving it a regular and established place of business. ECF No. 30 at 6. Amazon has also committed the alleged acts of infringement in the DCO. *Id.* The Court finds that venue is therefore proper as to Amazon in the DCO.

The Court now turns to venue as to CFE. At the outset, Amazon argues that CFE's presence has no legitimate bearing on the threshold question analysis, claiming venue manipulation on account of Flygrip's addition of CFE after Amazon filed its Original Motion to Transfer. ECF No. 30 at 6. Flygrip contends in its Response that not only was CFE added to the suit before Amazon filed its Revised Motion, but also that Flygrip's Amended Complaint relates back to the filing date of its Original Complaint, which in this case was before the original Motion to Transfer. ECF No. 33 at 4; Fed. R. Civ. P. 15 (c)(1)(B).[2] Because of this, the Amended Complaint's date of filing will not impact the threshold question analysis. The Court finds that CFE's presence in this lawsuit is legitimate. CFE is not downstream seller of the co-defendant-manufacturer, but rather engages in the same alleged acts of infringement as Amazon as a co-seller. As explained above, CFE is not a peripheral defendant in this case and therefore is entitled to weight in the threshold question analysis.

CFE maintains its residence in the state of Texas. It has no regular and established place of business in the state of Colorado, as required by § 1400(b). ECF No. 22 at 1. Pursuant to the venue requirements of 28 USC § 1400(b), the DCO is not a proper venue for CFE. Therefore, this case could not have originally been filed in the DCO.

The Court finds that Defendant Amazon has not met its burden to prove that this case could have been brought in the transferee forum. Specifically, Defendants have failed to show that venue

---

[2] Federal Rules of Civil Procedure state that an amended pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15 (c)(1)(B).

would be proper for CFE in the DCO. Because CFE neither resides in nor maintains a regular and

established place of business in the transferee forum, venue would be improper in the DCO. This

Court cannot reach the remainder of the § 1404 analysis because Defendants failed to meet this

threshold requirement.

**C.  The Claims Against Amazon and CFE Will Not be Stayed Pending the Declaratory Judgment Actions.**

In addition to its Motion to Sever and Stay (ECF No. 28) addressed above, Amazon also

filed, in conjunction with its transfer motion, a motion in the alternative to stay this action pending

resolution of manufacturer declaratory judgment actions. ECF No. 30. This portion of the Court's

opinion addresses that secondary stay request.

### 1.  *The Customer-Suit Exception*

On April 22, 2022, Amazon filed a Revised Motion seeking a transfer, or in the alternative

to stay the claims against Amazon and CFE pending resolution of the PopSocket and Otter

declaratory judgment suits filed in the DCO against Flygrip. ECF No. 30. Amazon posits that this

case falls under the customer-suit exception such that the claims against Amazon should be stayed

until resolution of the third-party declaratory judgment actions to promote judicial efficiency. *Id.*

at 14. Flygrip contends that the facts of this case do not satisfy the three-factor requirement for the

customer-suit, and that the declaratory judgment actions should be stayed pending the outcome of

this case. ECF No. 33 at 17.

"The primary question [for the customer-suit exception] is whether the issues and parties

are such that the disposition of one case would be dispositive of the other." *Katz v. Lear Siegler,*

*Inc.,* 909 F.2d 1459, 1463 (Fed. Cir. 1990). "[C]ourts apply the customer suit exception to stay

earlier-filed litigation against a customer while a later-filed case involving the manufacturer

proceeds in another forum." *GreatGigz Sols., LLC v. Costco Wholesale Corp.*, No. 6-21-CV-

00807, 2022 WL 1037114, at *1 (W.D. Tex. Apr. 6, 2022) (citing *Spread Spectrum Screening LLC v. Eastman Kodak Co.,* 657 F.3d 1349, 1357 (Fed. Cir. 2011) (describing the proper use of the exception in patent infringement cases). "The guiding principles in the customer suit exception cases are efficiency and judicial economy." *Tegic Communs. Corp. v. Bd. of Regents*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). The court analyzes three factors to determine whether to stay a retailer case in favor of a manufacturer case: "(1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product." *Kirsch Rsch. & Dev., LLC v. Bluelinx Corp.,* No. 6:20-CV-00316-ADA, 2021 WL 4555803, at *2 (W.D. Tex. Oct. 4, 2021) (citations omitted).

        i.      Whether Amazon is Merely a Reseller

Amazon argues that it is a mere reseller of the Accused Products. It supports its status as reseller of the Accused Products with declarations from Amazon and PopSocket employees attesting to their roles in the sales transactions of Accused Products from PopSocket and Otter to Amazon. ECF Nos. 14-1, 14-3, 14-5. Flygrip has not presented evidence contradicting these declarations. The Court finds that Amazon is merely a reseller of the Accused Products. This factor thus favors a stay under the customer-suit exception. See *Kirsch*, 2021 WL 4555803 at *3.

        ii.     Whether Amazon Agrees to Be Bound by the Decisions in the Later-Filed Suits

Amazon states that it agrees to be bound "by the outcomes of the Colorado declaratory judgment actions," and claims the declaratory judgment actions will resolve "most" of the issues in this action. ECF No. 30 at 15. Flygrip contends that Amazon's "vague" agreement to be bound is irrelevant because the resolutions from the declaratory judgment actions would not address all major issues from this case, specifically the invalidity issue regarding the '024 Patent Amazon

raises in its defenses. ECF No. 33 at 18; *see also* ECF Nos. 14-35, 14-36; *see also* ECF No. 31 at 7. Amazon replies that the invalidity defense issue will be rectified if, or "when," Flygrip counterclaims for infringement in the declaratory judgment actions, "as patent holders typically do." ECF No. 38 at 10.

Most importantly, only two of the three named manufacturers from this case filed declaratory judgment actions in the DCO. The third manufacturer, Quest, has not filed a declaratory judgment action in Colorado. Thus, even after complete resolution of the declaratory judgment actions, issues as to Quest's products would remain. Without a manufacturer suit that resolves all essential issues of the customer suit, the principles of judicial economy and efficiency are not improved upon, defeating the purpose of the exception. *See GeoTag, Inc. v. Giorgio Armani SpA*, No. 2:10-cv-569, 2012 U.S. Dist. LEXIS 191706 at *320 (E.D. Tex. 2012) (citing *Kahn v. GMC*, 889 F.2d 1078, 1082 (Fed. Cir. 1989)); *see also Teleconference Sys. v. Proctor & Gamble Pharm.*, Inc., 676 F. Supp. 2d 321, 328 (D. Del. 2009) (precluding that grant of the customer-suit exception because one co-defendant, later joined to the suit, did not agree to be bound by a declaratory judgment ruling).

This Court has already stated that the claims against CFE will not be severed from those of Amazon. Because the CFE claims and the Quest Products are not included in the declaratory judgment actions, the major issues of the case against Amazon will not be resolved in their entirety by the declaratory judgment actions. Accordingly, the Court finds that this factor weighs against a stay.

iii.     Whether Manufacturers are the Only Source of Accused Products

The Amazon and PopSocket employee declarations prove the exclusivity PopSocket and Otter hold over production of their Accused Products. But Amazon has not introduced evidence

proving the same for Quest's Accused Products. ECF Nos. 14-1, 14-3. Amazon argues that a stay is supported by Quest's exclusion from the declaratory judgment actions in Colorado, and it proceeds to analyze the general stay factors which it claims also support a stay for this case. ECF No. 30 at 15 n. 9 (citing *GreatGigz*, 2022 WL 1037114, at *3 (noting that after analyzing the customer-suit exception factors, the court analyzes the general stay factors to further prove its decision "for the sake of completeness".)).

Flygrip also argues for Quest's relevance to this factor by highlighting Quest's presence in Flygrip's cases against WalMart and Five Below in the WDTX that involve the same Accused Products. ECF No. 33 at 18. Re-emphasizing that the Quest Products will not be adjudicated in the DCO, Flygrip vaguely argues that this weighs against a stay. Similarly, to the second factor, Amazon's evidence for this factor does not rule out all other sources for the Accused Products in this case. The manufacturers are plainly not the only sources of the Accused Products. For that reason, the Court finds that this factor weighs against a stay.

The Court gives great weight to the three factors considered under the customer-exception. But, for the sake of completeness, the Court considers the traditional stay factors and rejects Defendant's concerns as to each.

### 2. *The General Stay Factors Also Do Not Warrant a Stay*

#### i.     Whether Flygrip Is Unduly Prejudiced By a Stay

The Court agrees with Flygrip that staying this case would put Flygrip at an economic disadvantage by causing it to engage in "inefficient and more costly piecemeal litigation." ECF No. 32 at 8. The existence of the declaratory judgment actions will not improve judicial economy because they do not address all relevant Accused Products for this case. This factor weighs against granting a stay.

ii.     Whether a Stay Would Simplify the Issues in this Case

A stay of this case would leave supplier Quest and the Quest Products still without adjudication, thus complicating the case by requiring a duplicative suit. Further, the Plaintiff has filed two separate cases regarding the same Accused Products, and others, in the WDTX. *See supra,* at 3. This factor weighs against granting a stay.

iii.    Whether Discovery Is Completed and Whether a Trial Date Has Been Set

On the one hand, this case has completed venue discovery and has its *Markman* hearing set for July 6, 2022, and trial date scheduled for June 22, 2023. See ECF No. 44. On the other hand, fact discovery has not yet commenced. Therefore, the Court finds this factor neutral.

A full examination of the stay factors, under the customer-suit factors and under the general stay factors, reveals that this case does not merit a stay. This Court will deny the requested stay in order to best serve the principles of efficiency and judicial economy.

## IV. CONCLUSION

For the above reasons, the Court finds that Defendants have not met their burden of showing that this case could have been brought in the DCO, nor do the customer-suit exception factors or the general stay factors favor a stay. The Court find the case cannot be severed nor stayed pending the resolution of the declaratory judgment actions in the District of Colorado.

It is therefore **ORDERED** that Amazon's Motion to Transfer Venue or, Alternatively, to Stay (ECF No. 30) is hereby **DENIED**. It is also **ORDERED** that Amazon's Motion to Sever and Stay (ECF No. 28) is hereby **DENIED**.

SIGNED this 28th day of June, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE